# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**TONY D. WALKER,**
      **Plaintiff,**

    v.                                                        Case No. 18-C-681

**STATE OF WISCONSIN**
**DEPARTMENT OF CORRECTIONS,**
**CRYSTAL MARCHANT, RN BLOCK,**
**MARK JENSEN, LPN ATIAHRAWY,**
**LPN WESTPHAL, JAMES MUENCHOW,**
**M. NELSON, and DR. CHERYL JEAN PIERRE,**
      **Defendants.**

---

## **DECISION AND ORDER**

Plaintiff Tony D. Walker is a Wisconsin state prisoner who is representing himself. I screened his amended and supplemental complaints and allowed him to proceed on Eighth Amendment and state-law-negligence claims. Docket No. 15. Defendants LPN Atiahrawy, RN Block, Mark Jensen, Crystal Marchant, James Muenchow, M. Nelson, State of Wisconsin Department of Corrections (DOC), and LPN Westphal have moved for summary judgment for failure to exhaust administrative remedies. Docket No. 59. "[A]dopt[ing] and incorporate[ing] the factual and legal arguments set forth" in the other defendants' motion, Defendant Dr. Cheryl Jean Pierre also moved for summary judgment for failure to exhaust administrative remedies. Docket. No. 71 at 2. For the reasons explained in this order, I will grant the defendants' motions for summary judgment on the plaintiff's federal claims and relinquish supplemental jurisdiction over the state-law claims.

## I. RELEVANT FACTS[1]

The plaintiff has been allowed to proceed against defendants Jean Pierre, Marchant, Jensen, Block, Westphal, Atiahrawy, Muenchow, and Nelson on Eighth Amendment claims of deliberate indifference for their alleged failure to provide the plaintiff with his prescribed higher dosage of pain medication. Docket No. 15 at 6-7. He has also been allowed to proceed on state negligence claims against Marchant, Jensen, Block, Westphal, Atiahrawy, and the DOC for negligently failing to refill his medication. *Id.* at 7.

The plaintiff submitted inmate complaint WCI-2018-9462 to his institution, which the institution received on April 26, 2018. Docket No. 61, ¶ 2. On that date, Muenchow, an inmate complaint examiner (ICE), returned the complaint to the plaintiff noting that he needed to "provide relevant supporting documentation." *Id.*, ¶ 3; Docket No. 62-2 at 10. In response, the plaintiff submitted on an interview/information request explaining his perspective on the matter, how he had unsuccessfully attempted to resolve the issue with accused individuals, and what steps he believed Muenchow should have employed after receiving the inmate complaint. Docket No. 62-2 at 7-8; Docket No. 71 at 3. He further stated that he would not be providing his only copies of his documents for fear of them being lost. *Id.* at 9; *Id.*

The plaintiff resubmitted his original inmate complaint on April 26, 2018. Docket No. 75, ¶ 35. Muenchow rejected it that same day. Docket No. 61, ¶ 5; Docket No. 62-2.

---

[1] The facts are taken from the defendants' proposed findings of fact (Docket No. 61) and the plaintiff's response to defendants' proposed findings of fact (Docket No. 71). I have also considered and included facts set forth in the declarations of Tony Walker (Docket Nos. 43 and 77) and Emily Davidson (Docket No. 62).

The plaintiff appealed the rejection and signed his appeal on May 2, 2018. Docket No. 43-3 at 59. On May 3, 2018, defendant Nelson returned the appeal unprocessed and noted in an accompanying letter that the plaintiff did not use the proper form. *Id.* at 60. The form that the plaintiff had used was outdated. Nelson informed the plaintiff that updated forms were available on his unit and sent the plaintiff a revised form to use in resubmitting his appeal. *Id.* Later that day, the plaintiff responded to Nelson by resubmitting his appeal on the outdated form and including an explanation on a form entitled "interview/information request." *Id.* at 62 In his explanation, the plaintiff acknowledged receipt of the updated form but protested having to use it. The plaintiff referenced an earlier instance involving an appeal from a different inmate complaint in which Nelson had directed the plaintiff to use the updated form and then rejected the appeal as untimely after the plaintiff resubmitted his appeal on the updated form. The plaintiff said that, given Nelson's prior action, he would not transfer his appeal to a new form and would continue to resubmit the appeal on the old form.

On May 7, 2018, Nelson returned the plaintiff's resubmitted appeal unprocessed. *Id.* at 64. In her letter accompanying the returned appeal, Nelson explained to the plaintiff that she had received both the plaintiff's interview/information request and his resubmitted appeal. *Id.* She stated that the plaintiff had been advised that the form was outdated and to use the revised form. *Id.* Nelson told the plaintiff that because he said that he would not resubmit his appeal on the updated form, his appeal would not be processed. *Id.*

On May 8, 2018, the plaintiff sent Nelson another interview/information request. *Id.* at 66. He again claimed that he was permitted to submit the appeal on the outdated form

3

and protested Nelson's refusal to process it. Nelson wrote back and again emphasized that the plaintiff was required to file his appeal using the updated form.

## II. STANDARD OF REVIEW

Summary judgment is appropriate when the moving party shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). All reasonable inferences are construed in favor of the nonmoving party. *Foley v. City of Lafayette*, 359 F.3d 925, 928 (7th Cir. 2004). The party opposing the motion for summary judgment must "submit evidentiary materials that set forth specific facts showing that there is a genuine issue for trial." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010) (citations omitted). "The nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* Summary judgment is properly entered against a party "who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Parent v. Home Depot U.S.A., Inc.*, 694 F.3d 919, 922 (7th Cir. 2012) (internal quotations omitted).

## III. ANALYSIS

The Prison Litigation Reform Act (PLRA) provides that a prisoner cannot assert a cause of action under federal law "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *see also Woodford v. Ngo*, 548 U.S. 81, 93 (2006) (holding that the PLRA requires proper exhaustion of administrative remedies). Exhaustion requires that a prisoner comply with the rules applicable to the grievance process at the inmate's institution. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). This requirement "applies to all inmate suits about prison life, whether they involve

4

general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). The objective of § 1997e(a) is to "permit the prison's administrative process to run its course before litigation begins." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006) (quoting *Cannon v. Washington*, 418 F.3d 714, 719 (7th Cir. 2005)); *see also Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). The Seventh Circuit applies a "strict compliance approach to exhaustion," and expects prisoners to adhere to "the specific procedures and deadlines established by the prison's policy." *Dole*, 438 F.3d at 809; *see also Hernandez v. Dart*, 814 F.3d 836, 842 (7th Cir. 2016) (citations omitted).

Wisconsin has implemented the Inmate Complaint Review System (ICRS) under which inmate grievances concerning prison conditions or the actions of prison officials are "expeditiously raised, investigated and decided." Wis. Admin. Code § DOC 310.01. The first step in the ICRS grievance process involves an inmate filing a complaint with the institution complaint examiner within fourteen calendar days after the occurrence giving rise to the complaint, unless good cause exists to excuse a delay. § DOC 310.07(2). The inmate complaint examiner (ICE) has the authority to return, investigate, or recommend a decision to an appropriate reviewing authority. § DOC 310.10(2), (5)-(6). If an ICE returns a complaint for not meeting the criteria under § DOC 310.07(1), (3), (4), and (5), the inmate will be allowed one opportunity to resubmit the complaint within 10 days after correcting any noted issues. § DOC 310.10(5). If an ICE rejects a complaint, the inmate may appeal the rejection within 10 days to the appropriate reviewing authority who will review the reason for the complaint's rejection. § DOC 310.10(10). "The reviewing authority's decision is final." *Id.*

5

All inmate-submitted filings must be submitted on a "form provided by the department." §§ DOC 310.07(3)(a), DOC 310.09(2)(a). The department's forms changed when the regulations governing the ICRS were amended on April 1, 2018. *See* § DOC 310.04(1) (a)-(d); *see also* Docket No. 83.

The undisputed facts in the record show that the plaintiff submitted inmate complaint WCI-2018-9462 regarding the matters at issue in this case. Muenchow rejected the complaint on April 26, 2018. Thereafter, the plaintiff attempted to appeal the rejection. Nelson returned his appeal and informed the plaintiff that he had used an outdated appeal form. Before Nelson rejected the appeal, she sent an updated appeal form directly to the plaintiff and instructed him to resubmit his appeal on the updated form. The plaintiff insisted that he was not required to use the updated form and resubmitted his appeal on the outdated form.

The plaintiff argues that because, according to him, outdated forms were still available on his unit at the time he submitted his appeal, he complied with the requirement to submit his appeal on a form provided by the department. According to the defendants, the updated forms were available on the plaintiff's unit at the time he submitted his complaint. For purposes of summary judgment, I will accept the plaintiff's version of events as true and assume that the outdated form was still available on his unit. However, this does not mean the plaintiff was free to ignore Nelson's directive to use the updated form. Nelson told the plaintiff that the outdated form was no longer being accepted, provided the plaintiff with a copy of the updated form, and gave him a chance to resubmit his appeal on the updated form. Thus, at the time the plaintiff submitted his appeal, the "form provided by the department" was the updated form.

The plaintiff seems to contend that, if he complied with Nelson's instruction and resubmitted his appeal on the new form, then Nelson would have deemed his appeal untimely. The plaintiff contends that Nelson did exactly that in a prior appeal involving a different inmate complaint. However, Nelson directed the plaintiff to use the updated form on May 3, 2018, which was within the 10-day period for filing a timely appeal of the rejection of his inmate complaint on April 26, 2018. Moreover, the plaintiff authored a response to Nelson's instructions and resubmitted his original appeal to Nelson that same day. *See* Docket No. 76 at 18. Had the plaintiff transferred his appeal to the new form on the same date that he instead resubmitted it on the outdated form, his appeal would have been timely. In any event, because the plaintiff chose not to submit his appeal on the updated form, it is unknown whether Nelson would have deemed the appeal untimely. If the plaintiff did not have access to the updated form until Nelson provided him with a copy, and if the plaintiff then submitted his appeal on the updated form and Nelson rejected it as untimely, then the plaintiff might have had a good argument that the institution was applying its rules in a way that made it impossible for an inmate to exhaust. *See Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006) ("[W]hen prison officials fail to provide inmates with the forms necessary to file an administrative grievance, administrative remedies are not 'available.'"). But because instead Nelson provided the plaintiff with the proper form before the time to appeal expired and the plaintiff simply refused to use it, I cannot conclude that Nelson would have improperly rejected the appeal as untimely. Accordingly, the plaintiff's federal claims will be dismissed for lack of exhaustion. I will relinquish supplemental jurisdiction over his state-law claims. *See* 28 U.S.C. § 1367(c)(3).

7

## IV. CONCLUSION

For the reasons stated, **IT IS ORDERED** that defendants' motions for summary judgment on the plaintiff's federal claims (Docket Nos. 59 and 71) are **GRANTED**. The court relinquishes supplemental jurisdiction over the plaintiff's state-law claims. The Clerk of the Court shall enter final judgment.

**IT IS FURTHER ORDERED** that the plaintiff's motion for leave to file a motion to dismiss the defendants' dispositive motion (Docket No. 88) is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for leave to file relevant evidence (Docket No. 92) is **GRANTED**.

**FINALLY, IT IS ORDERED** that the plaintiff's motion to file a second amended complaint (Docket No. 94) is **DENIED** as **MOOT**.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Federal Rule of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Federal Rule of Appellate Procedure 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally

no more than one year after the entry of the judgment.  The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated at Milwaukee, Wisconsin, this 17th day of March, 2020.

                                                  s/Lynn Adelman
                                                  LYNN ADELMAN
                                                  United States District Judge